UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUNE B. WARD,<br><br>        Plaintiff,<br><br>  v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security Administration,<br><br>        Defendant. | CASE NO.    C04-5276JKA<br><br>ORDER REMANDING<br>ADMINISTRATIVE DECISION |

      This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision denying plaintiff's application for social security benefits. This matter has been fully briefed.

      In his opening brief, plaintiff claims the following four errors: (i) the ALJ's Residual Functional Capacity assessment is not supported by substantial evidence; (ii) the ALJ improperly rejected the opinions of the treating physicians; (iii) the ALJ improperly rejected plaintiff's subjective pain complaints; and (iv) the Vocational Expert's opinion was invalid.

      After reviewing the record, the court finds and orders the following:

      1. Plaintiff applied for benefits on October 1, 2001, alleging she has been disabled since September 9, 1997. She has past work experience as a corrections officer, fish processor, kitchen helper, laundry worker, babysitter, firewatch, and social services case aide. The Administrative Law Judge denied her

ORDER
Page - 1

application when he found plaintiff capable of performing her past work as a social services case aide, and alternatively, plaintiff was capable of performing other jobs existing in significant numbers in the national economy.

2. The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996).

Here, on February 7, 2003, on referral from the Department of Social and Health Services, Ms. Ward was examined by Dr. Glade Birch, a psychologist. Dr. Birch concluded that Ms.Ward suffered from a pain disorder associated with both psychological factors of a general medical condition and a panic disorder without agora phobia. Dr. Birch noted marked limitations in Ms. Ward's mood, anxiety, social withdrawal, physical complaints, and in her ability to respond appropriately to tolerate pressures of expectations of a normal work setting.

The ALJ in this matter rejected this medical opinion and did not find a severe impairment caused by any mental impairment. After reviewing the record, the court finds the ALJ improperly rejected this opinion. The ALJ noted that Dr. Birch was merely a one time examiner who had not reviewed the entire record. The ALJ also noted there was no longitudinal evidence to support the opinion of Dr. Birch. These reasons are not legitimate to reject the opinion of the only professionally qualified medical opinion given on the subject of Ms. Ward's mental capacity. Accordingly, the matter should be remanded to the administration to further consider the medical evidence regarding Ms. Ward's mental impairments or limitations.

3. Due to the error discussed above, remand is also necessary for the administration to reconsider plaintiff's credibility and plaintiff's Residual Functional Capacity, which are both affected by the ALJ's evaluation of the medical evidence. The court finds further consideration is necessary to allow the

1 administration the opportunity to cure these defects and properly consider each of the five-steps in the
2 disability evaluation process.
3     4. The Administrative decision denying Ms. Ward's application for benefits is hereby REMANDED
4 for further consideration.
5     DATED this 12th day of May, 2005.

        */s/ J. Kelley Arnold*
        J. Kelley Arnold
        U.S. Magistrate Judge